IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY DON JORDAN                                                                             PLAINTIFF

v.                      CIVIL NO. 18-05019

ANDREW SAUL[1], Commissioner                                    DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Bobby Don Jordan, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed his current application for SSI on December 18, 2015, alleging an inability to work since August 31, 2007, due to nerves, a broken hand, and high blood pressure. (Tr. 10, 219, 223). An administrative hearing was held on December 20, 2016, at which Plaintiff appeared with his attorney. (Tr. 37-51).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated March 1, 2017, the ALJ found that through the date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12-13). Specifically, the ALJ found that Plaintiff had the following severe impairments: hypertension, right 5th metacarpal fracture with angulation, status post right carpal tunnel syndrome release, and status post right cubital tunnel release. (Tr. 12). The ALJ also found Plaintiff had the following nonsevere impairments: major depressive disorder, social anxiety disorder, and avoidant personality disorder. Id. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found at 20 CFR Part 404, Subpart P, Appendix 1. (Tr.13-14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 416.967(b). (Tr. 14-15). The ALJ then used the Medical-Vocational Guidelines and determined that, considering Plaintiff's age, education, and work experience a finding of not disabled was directed by Medical-Vocational Rule 202.20. (Tr. 16).

On April 28, 2017, Plaintiff requested a review of the hearing decision by the Appeals Council. (Tr. 197-204). The Appeals Council denied Plaintiff's request for review. (Tr. 1-4).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (Docs. 13, 14). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. Ponder v. Colvin, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents her from engaging in substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520. While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain on the claimant. Stormo v. Barnhart, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

## III. Discussion

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barhart, 393 F. 3d 798, 801 (8th Cir. 2005). Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform the full range of light work. Despite Plaintiff's subjective complaints of difficulty breathing, diagnosis with and treatment for emphysema, and two chest CT's showing both a pulmonary nodule and emphysema, the ALJ did not address any breathing impairments in his decision. The ALJ did not provide any analysis or reasoning as to why this impairment was not considered. While there are RFC assessments from state agency medical consultants Rita Allbright, M.D., and William Harrison, M.D., neither provided an opinion as to what impact emphysema would have upon Plaintiff's RFC. (Tr. 63-64, 68-81). After reviewing the record, the undersigned finds that remand is necessary to more fully and fairly develop the record regarding Plaintiff's emphysema and breathing difficulties.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review all of Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. This opinion should specifically address whether Plaintiff will require environmental limitations. The ALJ may also order a consultative examination, in which, the consultatative exmaniner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### V. Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 19th day of August 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE